Christopher M. Schierloh (CS-6644)
Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys For Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o FISHER
CAPESPAN USA, LLC

        Plaintiff,

    - against -

M/V VINSON, her engines, boilers, tackle, furniture,
apparel, etc., *in rem*, and NORBULK SHIPPING UK
LTD. *in personam*.

        Defendants.
---------------------------------------------------------------X

2008 Civ. **2988 (CM)**

**VERIFIED COMPLAINT**

Plaintiff, MUND & FESTER GMBH & CO.KG a/s/o FISHER CAPESPAN USA, LLC (hereinafter "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against defendants, M/V VINSON, her engines, boilers, tackle, furniture, apparel, etc., *in rem*, and NORBULK SHIPPING UK LTD. *in personam* alleges upon information and belief as follows:

**PARTIES**

1. At all material times, Mund & Fester GMBH & CO.KG (hereinafter "M&F") was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of perishable fresh pears owned by Fisher Capespan USA, LLC, which was the consignee of said consignment of pears, as more fully described below.

2. At all material times, Fisher Capespan USA, LLC (hereinafter "Fisher Capespan") was and is corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 701 N. Broadway 102, Gloucester City, NJ 08030 and was the owner of a consignment of pears aboard the M/V VINSON, as more fully described below.

3. At all material times, NORBULK SHIPPING UK LTD., (hereinafter "Norbulk") was and is a foreign corporation with an office and place of business located at Norbulk House, 68 Glassford Street, Glasgow G1 1UP, United Kingdom and owns, operates, manages and/or charters ships, including the M/V VINSON (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, demise charterer, manager and/or operator of the M/V VINSON, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

4. At all material times, the M/V VINSON was and is a refrigerated cargo vessel built in 1988, that is flagged in Liberia, and engaged in the common carriage of merchandise by water for hire between various foreign and domestic ports, which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

## JURISDICTION

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

6. The plaintiff hereby incorporate by reference the allegations in paragraphs one through five as if set forth at length herein.

2

7. This is a claim for physical damage to a consignment of pears, which were delivered to the defendant in good order and condition to be carried from San Antonio Este, Argentina to Philadelphia, Pennsylvania, pursuant to one or more bills of lading, including bill of lading number AMMAVI1007017 dated March 28, 2007.

8. On or about March 28, 2007, the consignment of pears, owned by and/or consigned to M&F, then being in good order and condition, was delivered to the *in personam* defendants and the M/V VINSON, at the port of San Antonio Este, Argentina, for carriage aboard the M/V VINSON, to Philadelphia, Pennsylvania, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, which were then and there signed by the duly authorized agent, representative and/or employee of the *in personam* defendants and the M/V VINSON.

9. On or about April 17, 2007, the consignment of pears was discharged at Philadelphia, Pennsylvania and found not to be in the same good order and condition as when delivered to the vessel, but had sustained damages during transit.

10. Upon inspection, it was determined that the pears were contaminated due to exposure to the fumes of a petroleum based substance while in stowage within the cargo holds of the vessel.

11. As a result of the damages sustained to the shipment during transit, Fisher Capespan sustained a loss in the amount of $53,520.48

12. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant its employees, contractors, agents and servants.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between Fisher Capespan and Mund & Fester GMBH, which provided coverage for, among other things, loss or damage to the consignment.

14. Pursuant to the aforementioned contract of insurance between Fisher Capespan and Mund & Fester GMBH, monies have been and will be expended on behalf of Fisher Capespan, in the amount of $53,520.48 to the detriment of Mund & Fester GMBH due to the damages sustained during transit.

15. As Mund & Fester GMBH has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Mund & Fester GMBH has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

16. M&F brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and M&F is entitled to maintain this action.

17. M&F and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

18. By reason of the foregoing, M&F has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $53,520.48.

19. M&F has a maritime lien against the M/V VINSON for the damages referred to herein and will enforce that lien in these proceedings.

20. All and singular the matters alleged herein are true and correct. M&F reserves the right to amend and supplement this complaint, as further facts become available.

WHEREFORE, Plaintiff prays:

1. In rem service of process be issued against the M/V VINSON, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $53,520.48 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V VINSON, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

4. The Court order, adjudge and decree that defendants Norbulk Shipping UK Ltd. and M/V VINSON be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 24, 2008
260-62

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

By: _____/s/_____
Christopher M. Schierloh (CS-6644)
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss:
County of New York )

1. My name is Christopher M. Schierloh.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       March 24, 2008
       260-62

/s/
_____
Christopher M. Schierloh